IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, UTAH,<br><br>    Plaintiff,<br><br>vs.<br><br>THE STATE OF UTAH, DUCHESNE COUNTY, a political subdivision of the State of Utah, ROOSEVELT CITY, a municipal Corporation, DUCHESNE CITY, a Municipal Corporation, MYTON, a Municipal Corporation, and UINTAH COUNTY, a political subdivision of the State of Utah,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:13-CV-276 TS |

Plaintiff moves for an ex parte Temporary Restraining Order.[1]  Plaintiff also moves for a Preliminary Injunction seeking the same relief.

---

[1] Docket No. 9.

1

Rule 65(b)(1)(A) and (B) of the Federal Rules of Civil Procedure permit issuance of a TRO on an ex parte basis "only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required."[2]

In the instant case, Plaintiffs' Motion has not met the requirements of Rule 65(b)(1) for issuance of an ex parte TRO. While Plaintiffs' Motion contains a Certification of Counsel detailing the harms Plaintiffs may suffer if relief is not granted at some point, the Certification does not address specific reasons why notice should not be given to Defendants before issuance of the TRO. Further, Plaintiffs' Certification fails to detail any efforts made to give notice to the Defendants in anticipation of this Motion being heard.

It is therefore

ORDERED that Plaintiffs' Expedited Motion for Emergency Temporary Restraining Order (Docket No. 9) is DENIED WITHOUT PREJUDICE. The Court will set a hearing on Plaintiffs' request for preliminary injunctive relief once the Defendants have appeared and responded.

DATED   April 19, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Fed.R.Civ.P. 65(b)(1)(a) and (b) (emphasis added).